## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TOREN WASHINGTON**                    **CIVIL ACTION**

**VERSUS**                              **NO: 20-157**

**FLOYD MAYWEATHER ET AL.**            **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Mayweather Promotions, LLC's Motion to Dismiss (Doc. 8). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Toren Washington filed this *pro se* action against Defendants Floyd Mayweather and Mayweather Promotions, LLC arising out of Defendants' alleged failure to perform obligations under a verbal agreement to enter into a business venture.[1] Defendant Mayweather Promotions, LLC moves for dismissal for lack of personal jurisdiction, subject matter jurisdiction, and improper venue. Plaintiff has failed to oppose Defendant's Motion. The Court may not, however, simply grant the instant Motion as

---

[1] An identical action that was filed on November 9, 2018, was dismissed without prejudice by this Court for insufficient service of process. No. 18-cv-10733.

1

unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the Court will consider the merits of Defendant's Motion.

## LEGAL STANDARD

### A. Personal Jurisdiction

When a non-resident defendant challenges the court's personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists.[3] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[4] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[5] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[6] The Court may consider

---

[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of La. (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[3] Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

[4] Guidry v. U.S. Tobacco, Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

[5] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).

[6] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).

matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[7]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state, and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[8]  In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[9]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[10]  A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[11]

---

[7] *Id.* (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).

[8] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).

[9] Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784, 786 (5th Cir. 1990); *see also* LA. REV. STAT. § 13:3201.

[10] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

[11] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

3

## B. Subject Matter Jurisdiction

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[13] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[14]

## LAW AND ANALYSIS

### A. Personal Jurisdiction

Defendant Mayweather Promotions argues that the allegations of the Complaint make clear that this Court does not have specific or general personal jurisdiction over it. Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.[15]  General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the

---

[12] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

[13] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).

[14] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).

[15] Burger King Corp. v. Rudzewicz, 471 U.S. 262, 472 (1985).

forum state, regardless of whether such activity is related to the plaintiff's cause of action.[16]

The Complaint alleges that Mayweather Productions has its principal place of business in Nevada, that Plaintiff traveled to Las Vegas to meet with Defendants, and that the parties entered into an oral contract there. It further alleges that Plaintiff planned to travel back to Las Vegas to finalize the agreement. The Complaint also states that Mayweather Promotions does not do business in the state of Louisiana. The Complaint does not therefore allege that Mayweather Promotions had any contacts with the state of Louisiana. Accordingly, this Court lacks personal jurisdiction over Mayweather Promotions.

### B. Subject Matter Jurisdiction

Plaintiff's Complaint states that jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332, which requires complete diversity and an amount in controversy exceeding $75,000. While Movant agrees that complete diversity exists, it argues that the Complaint fails to establish that the amount in controversy exceeds the jurisdictional amount.[17]

As the party invoking federal diversity jurisdiction, Plaintiff "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[18] "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional

---

[16] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

[17] The Court notes that the Complaint pleads that Mayweather Promotions is a corporation. However, it has appeared in this action under the name Mayweather Promotions, LLC. The Complaint does not properly plead the citizenship of Defendant if it is a limited liability company.

[18] Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).

amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[19]

In his Complaint, Plaintiff alleges that he entered into a verbal agreement with Defendants to produce and market footwear that Plaintiff had designed. He alleges, however, that after he provided Defendants with sixty-seven designs for footwear, they failed to fulfill their obligations under the agreement. Plaintiff brings state law claims for breach of contract, fraud, conversion of intellectual property, detrimental reliance, and civil conspiracy. He generally seeks economic, emotional, and punitive damages.

The Complaint does not, however, allege any facts to assist this Court in placing a value on Plaintiff's claims. There are, for example, no facts alleging the value of the footwear designs or the content of the agreement. There is no indication of how many shoes would have been produced, the price they would have been sold for, to whom they would have been marketed, or what profit share Plaintiff was entitled to under the agreement.[20] Accordingly, there is simply no way for this Court to assess the amount in controversy, and it is therefore not facially apparent that the amount in controversy exceeds the jurisdictional limit. Further, Plaintiff has failed to provide any "summary

---

[19] St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253–54 (5th Cir. 1998).

[20] *See* Hot-Hed, Inc. v. Safe House Habitats, Ltd., No. CIV.A. H-06-1509, 2007 WL 556862, at *1 (S.D. Tex. Feb. 12, 2007) ("Plaintiff does not allege and Defendant provides no facts, proof, or argument of the value of the right to be enforced or protected. There is, for instance, no allegation or evidence of the price for a welding enclosure or of the amount that would be implicated if Defendant were enjoined from selling the product and/or its related accessories at the trade show or thereafter. It is not facially apparent that the value of the requested injunctive relief likely exceeds $75,000.").

judgment-type" evidence establishing the amount in controversy by a preponderance of the evidence. Accordingly, Plaintiff has not carried his burden to establish subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is GRANTED. His claims against Mayweather Promotions are DISMISSED for lack of personal jurisdiction, and this matter is DISMISSED for lack of subject matter jurisdiction.

New Orleans, Louisiana this 26th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**